**Electronically Filed
Supreme Court
SCAD-16-0000218
18-OCT-2016
10:30 AM**

SCAD-16-0000218

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

ANTHONY P. LOCRICCHIO,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NOS. 13-066-9136 and 14-040-9183)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon a thorough *de novo* review of the March 23, 2016 report filed by the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, the record, and the briefs and exhibits appended thereto, submitted by Respondent Locricchio and the Office of Disciplinary Counsel (ODC), we find and conclude the following based upon clear and convincing evidence contained in the record.

The Hearing Officer in this matter made more than reasonable accommodations for Respondent Locricchio regarding the disciplinary hearing, and Respondent Locricchio had adequate

notice of the date and time of the hearing.  The Hearing Officer was justified in convening the hearing, declaring Locricchio in default, and entering evidence into the record.

In ODC Case No. 13-066-9136, we further conclude that when, on June 4, 2010 and June 24, 2010, Respondent Locricchio wrote to his client and stated in pertinent part he was transferring the funds in question to a Special Client Trust Account on the advice of ODC, and when he wrote to opposing counsel on August 26, 2010 and made similar statements, he misrepresented the truth, in violation of Rules 4.1(a) and 8.4(c) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994).  We conclude Respondent Locricchio repeatedly violated the United States Bankruptcy Court's July 13, 2010 and November 2, 2010 orders, and misappropriated funds, when he made payments from the Special Client Trust Account by executing checks in 2010 (dated July 24, August 25, November 3, November 11, December 2, December 12, December 15, and December 22), in 2011 (dated January 24, January 27, February 28, March 1, March 15, March 29, May 11, May 12, June 22, June 29, July 5, July 6, August 22, August 25, September 4, September 8, September 12, September 16, October 11, October 24, October 26, October 30, November 2, November 9, November 10, November 21, and December 21), and in 2012 (dated January 3, February 7, March 15, May 23, May 27,

2

July 12, August 13 and August 15), each check constituting a violation of HRPC Rules 1.15(c), 1.15(f)(4), 3.4(e) and 8.4(c). When, on October 18, 2010, Respondent Locricchio did not appear at the hearing on the opposing party's motion for an order to show cause, Respondent Locricchio had not sought, or obtained, leave to withdraw as counsel, as required under by the rules of the Bankruptcy Court and, by failing to appear or to properly withdraw, violated HRPC Rules 1.16(d) and 3.4(e). When, on December 2, 2010, Respondent Locricchio failed to transfer the funds in the Special Client Trust Account to the United States District Court Registry, he violated 28 U.S.C. § 1335, thereby violating HRPC Rule 3.4(e). Respondent Locricchio, by failing to timely assume the leases or to obtain an extension for doing so, violated HRPC Rules 1.1 and 1.3. We further conclude, by clear and convincing evidence, that Respondent Locricchio's cash withdrawals from the Special Client Trust Account on June 29, July 5, and July 6, 2011, and his issuance of Special Client Trust Account checks made payable to his wife, on July 24, 2010, May 12, 2011, September 8, 2011, September 16, 2011, December 2, 2011, and May 23, 2012, each represent a separate violation of HRPC Rule 1.15(e). When Respondent Locricchio stated, on December 2, 2010 in his interpleader complaint filed with the United States District Court for the District of Hawaiʻi, that he was transferring the Slemons Hawaiʻi funds from the DIP client

3

trust account to the Special Client Trust Account on the advice of ODC, he made a material misrepresentation of fact to the court in violation of HRPC Rules 3.3(a)(1) and 8.4(c). When, in Respondent Locricchio's September 12, 2012 motion in the interpleader action, he stated he had contacted ODC for advice with regards to the funds, he again made material misrepresentations of fact, again violating HRPC Rules 3.3(a)(1) and 8.4(c). By making his wife, who was not an attorney, a signatory to the Special Client Trust Account (evidenced by her execution of the November 22, 2009 check for $80,300.00 and the October 24, 2011 check for $455.00), Respondent Locricchio violated HRPC Rule 1.15(e). By depositing third-party funds into the Special Client Trust Account, on July 6, 2011, Respondent Locricchio violated HRPC Rule 1.15(c).

In ODC Case No. 14-040-9183, Respondent Locricchio's June 22, 2010 verified complaint, and the ten subsequent motions for temporary restraining orders, all found by the United States District Court to be frivolous filings, each represent a separate violation of HRPC Rule 3.1. Respondent Locricchio's October 29, 2010 amended complaint violated the June 25, 2010 order of the United States District Court for the District of Hawai'i and Rule 8(a) of the Federal Rules of Civil Procedure, thereby violating HRPC Rule 3.4(e).

In aggravation, we find Respondent Locricchio committed

4

multiple offenses, engaged in bad faith obstruction of the disciplinary proceedings by repeatedly seeking to delay the proceedings, filing unauthorized and unwarranted motions, and failing to appear at the August 5, 2015 disciplinary hearing, refuses to acknowledge the wrongful nature of his conduct, has substantial experience in the practice of law, is indifferent to making restitution, engaged in a pattern of misconduct, and exhibited a dishonest or selfish motive in his disbursement of more than $80,000.00 in disputed funds, including more than $64,000.00 to himself and his wife.

In light of the record and the above, disbarment is warranted. We further concur with the Disciplinary Board that, in light of the evidence in the record, it is advisable Respondent Locricchio be required to successfully complete the Hawaiʻi bar exam as a precondition of any subsequent application for reinstatement to practice. Therefore,

IT IS HEREBY ORDERED that Respondent Anthony P. Locricchio is disbarred from the practice of law in this jurisdiction, effective 30 days after the date of entry of this order, pursuant to Rule 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Locricchio shall, in accordance with RSCH Rule 2.16(d), file with this court, within 10 days after the effective date of his disbarment, an

5

affidavit showing compliance with RSCH Rule 2.16(d) and this order.

IT IS FURTHER ORDERED that, as a condition of any future reinstatement of his license to practice law in this jurisdiction, in addition to any other requirement imposed by RSCH Rule 2.17, Respondent Locricchio shall take and pass the Hawaiʻi bar examination, and shall submit proof of the foregoing appended to any petition for reinstatement.

IT IS FURTHER ORDERED that Respondent Locricchio shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs and an opportunity to respond thereto, as prescribed by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Locricchio's renewed motion for oral argument is denied.

DATED: Honolulu, Hawaiʻi, October 18, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

6